## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CATHY RINZLER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 23-4058** |
| **v.** | : | |
| | : | |
| **SIMON PROPERTY GROUP, L.P.** *et al.* | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 2nd day of April 2024, upon consideration of Defendant Chelsea Pocono Finance, LLC's ("Defendant Chelsea") *motion to transfer venue*, (ECF 14), Plaintiff's response, (ECF 15), and the allegations in the complaint, (ECF 1), it is hereby **ORDERED** that the motion is **GRANTED**.[1]

The Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) and to mark this matter **CLOSED**.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1]     On December 19, 2023, Plaintiff Cathy Rinzler ("Plaintiff") filed this action against Defendants Simon Property Group, L.P., Simon Property Group, Inc., Pocono Premium Outlets, Chelsea Pocono Finance, LLC, and John Doe, asserting a single claim for negligence premised on Plaintiff's trip and fall at Defendants' property in Tannersville, Pennsylvania, which is located in the Middle District of Pennsylvania.  By stipulation entered on November 28, 2023, Defendants Simon Property Group, L.P., Simon Property Group, Inc., and Pocono Premium Outlets were dismissed from this action, leaving Defendant Chelsea Pocono Finance, LLC, as the remaining defendant in the case.  On February 5, 2024, Defendant Chelsea filed the instant motion to transfer this matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  (ECF 14).  In her response, Plaintiff indicated that she "does not oppose the Motion."  (ECF 15).

Section 1404 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought . . . ." 28 U.S.C. § 1404(a).  This section also allows transfer to "any district . . . to which all parties have consented." *Id.*  Here, by way of the parties' underlying filings, the parties have consented to venue of this matter in the Middle District of Pennsylvania.  Venue is proper in the Middle District of Pennsylvania because "the events or omissions giving rise to the claim occurred" in the Middle District.  18 U.S.C. § 1391(b)(2).  Further, it is apparent that there is no connection whatsoever between the facts, witnesses, or investigation of this incident and the Eastern District of Pennsylvania.  Since transfer is appropriate considering the parties' consent and the convenience of the parties and witnesses pursuant to § 1404(a), Defendant's motion to transfer is granted, and this matter will be transferred to the United States District Court for the Middle District of Pennsylvania.